NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In Re LENOVO GROUP LIMITED,**
*Petitioner*

2025-111, 2025-112

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:23-cv-00449-JRG and No. 2:24-cv-00239-JRG, Chief Judge J. Rodney Gilstrap.

**ON PETITION**

Before TARANTO, CHEN, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

**O R D E R**

In these related petitions, which we consolidate for purposes of resolution, Lenovo Group Limited seeks a writ of mandamus directing the United States District Court for the Eastern District of Texas to dismiss the underlying cases for lack of personal jurisdiction. Universal Connectivity Technologies Inc. and Eireog Innovations Ltd. oppose.

Universal and Eireog brought these suits in the Eastern District of Texas alleging that Lenovo directly and

indirectly infringed claims of their patents. Lenovo, a Chinese company based in Hong Kong, moved to dismiss the complaints for lack of personal jurisdiction. In support, Lenovo submitted a declaration from its Director of Group Financial Reporting and Accounting Policy, stating that Lenovo "is and has been a holding company" that "does not itself manufacture, sell, offer for sale, export, import or otherwise distribute" the accused products and that it does not itself operate or do business in the state of Texas.[1]

The district court declined to grant Lenovo's motions in light of "open factual disputes as to whether [Lenovo] created, controls, or directs its subsidiaries to place the allegedly infringing products into the stream of commerce in Texas."[2] Accepting the plaintiffs' allegations as true and viewing factual conflicts in favor of plaintiffs given the procedural posture the motion came before it, the court concluded that there was at least a *prima facie* showing of personal jurisdiction over Lenovo based on its specific contacts with the forum state, Texas, or alternatively, under Federal Rule of Civil Procedure 4(k)(2), based on Lenovo's contacts with the United States as a whole.

Generally, for mandamus to issue, a petitioner must establish not only that its right to relief is "clear and indisputable," but also that it has "no other adequate means to attain the relief [it] desires." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted). We have recognized a "narrow" exception to these requirements, but to qualify, a petitioner must show that our immediate intervention is "important to proper judicial administration, such as when

---

[1] Appeal No. 2025-111, ECF No. 2 at Appx49–51; Appeal No. 2025-112, ECF No. 2 at Appx42–45.

[2] Appeal No. 2025-111, ECF No. 2 at Appx7; Appeal No. 2025-112, ECF No. 2 at Appx9.

an appellate court corrects a district court's answers to basic, undecided legal questions concerning judicial administration matters." *In re Stingray IP Sols., LLC*, 56 F.4th 1379, 1382 (Fed. Cir. 2023) (cleaned up). Lenovo has not met those demanding requirements here.

Consistent with *Cheney*, courts have found mandamus unavailable to review rulings on motions to dismiss for want of personal jurisdiction, because a post-judgment appeal is an adequate remedy. *See Dubea v. Simpson*, 277 F. App'x 458, 459 (5th Cir. 2008) ("Because the district court's order is reviewable on appeal from a final judgment, Simpson cannot show that he has 'no other adequate means to attain the relief he desires,' which is one of the prerequisites for mandamus relief."); *see also In re BNY ConvergEx Grp., LLC*, 404 F. App'x 484, 485 (Fed. Cir. 2010) ("To grant mandamus simply because a party asserts it will be forced to expend unnecessary costs would make a large class of interlocutory orders routinely reviewable.").

Lenovo also has not shown that mandamus review is warranted for proper "judicial administration," which is generally limited to rulings that necessitate immediate appellate intervention because they implicate "a basic, unsettled, recurring legal issue over which there is considerable litigation producing disparate results, or similar [extraordinary] circumstances." *In re Monolithic Power Sys., Inc.*, 50 F.4th 157, 160 (Fed. Cir. 2022) (cleaned up). No such urgency has been shown here.[3] And there are good reasons

---

[3] Lenovo points to two district court cases, *3G Licensing, S.A. v. Lenovo Grp. Ltd.*, No. 17-84-LPS, 2019 WL 3974539 (D. Del. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 7635823 (D. Del. Sept. 19, 2019) and *Theta IP, LLC v. Motorola Mobility LLC*, No. 22C3441, 2024 WL 1283706 (N.D. Ill. Mar. 25, 2024), that dismissed cases against Lenovo for want of specific personal

not to intervene at this time to review what amounts to a preliminary assessment of the facts and allegations presented. Most obviously, it will allow for the development of a more fulsome record of relevant facts and for the opportunity to define the precise legal issues at play.

Accordingly,

IT IS ORDERED THAT:

The petitions are consolidated and denied.

FOR THE COURT

March 4, 2025
    Date

Jarrett B. Perlow
Clerk of Court

---

jurisdiction in other forums. However, those decisions were based on the specific records before those courts, relate to Lenovo's status at different times, and did not address whether there was personal jurisdiction over Lenovo under Federal Rule of Civil Procedure 4(k)(2). In any event, our holding today does not address the merits of the question of whether the Eastern District of Texas, or any other district court, may exercise personal jurisdiction over Lenovo.